Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JAVIER A. ECHEVARRÍA VARGAS<br><br>Recurrido<br><br>v.<br><br>JORGE ACOSTA MARTÍNEZ<br><br>Peticionario | KLCE202301272 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Sobre: Libelo, Calumnia o Difamación<br><br>Caso Número: HU2023CV01088 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, jueza ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

El peticionario, señor Jorge Acosta Martínez, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de Humacao, el 18 de octubre de 2023, notificada el 20 de octubre de 2023. Mediante la misma, el foro primario ordenó la paralización de los procedimientos del caso, hasta culminada una investigación en curso en un trámite paralelo ante el Tribunal Supremo de Puerto Rico sobre una querella ética promovida en contra del recurrido, señor Javier Echevarría Vargas.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 30 de julio de 2023, el aquí recurrido, abogado licenciado de profesión, presentó la demanda de epígrafe. En esencia, imputó al peticionario el haber incurrido en conducta constitutiva de difamación, libelo y calumnia en su contra. Tras múltiples incidencias, el 17 de octubre de 2023, el recurrido presentó una

Número Identificador

RES2023 _____

*Moción Urgente en Solicitud de Paralización.* En esencia, y en referencia a un documento de carácter confidencial, indicó que resultaba meritorio paralizar los procedimientos del caso, toda vez que el peticionario presentó una querella ética en su contra ante nuestro más Alto Foro. Ello, al amparo de alegaciones análogas a las de la causa de epígrafe. En igual fecha, el peticionario presentó su escrito en oposición a la paralización solicitada.

El 20 de octubre de 2023, el Tribunal de Primera Instancia notificó la *Resolución* aquí recurrida. Mediante la misma, decretó la paralización de los procedimientos hasta tanto culmine el proceso investigativo antes aludido.

Inconforme, el 14 de noviembre de 2023, el peticionario compareció ante nos mediante el presente recurso de *certiorari.* A su vez, solicitó nuestra intervención en auxilio de jurisdicción, petición que, mediante *Resolución* emitida en igual fecha, se denegó. En su recurso, formula el siguiente planteamiento:

> Erró el Tribunal de Primera Instancia y abusó de su discreción al paralizar todos los procedimientos del caso de autos, hasta tanto culminase el proceso de investigación del Procurador General y el trámite en el Honorable Tribunal Supremo de Puerto Rico; refiriéndose a la querella ética que el demandado recurrente instó ante el Tribunal Supremo contra el demandante recurrido por unas alegadas violaciones a los cánones de ética que rigen la abogacía en Puerto Rico, sin haberse presentado evidencia fehaciente, robusta y pertinente por parte del demandante recurrido para paralizar los procesos; basándose el demandante recurrido en unas alegaciones que no se justifican en derecho, creando una violación al debido proceso y una indefensión al compareciente al no poder continuar con el descubrimiento de prueba ya iniciado y necesario para su defensa.

Luego de examinar el expediente de autos, procedemos a expresarnos.

**II**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan

innecesariamente el curso de los procesos. *Rivera v. Joe's European Shop,* 183 DPR 580, 594. (2011). En lo pertinente, la referida disposición reza como sigue:

. . . . . . . .

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> . . . . . . . .

32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari,* en situaciones meritorias constitutivas de excepción. *Job Connection Center v. Sups. Econo,* 185 DPR 585,593 (2012). Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos, o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR

65, 212 DPR \_\_\_ (2023); *Mcneil Healthcase v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021); 800 *Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari,* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). No obstante, "[e]l examen que hace el tribunal apelativo, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros." *800 Ponce de León v. AIG,* supra*; IG Builders et al. v. BBVAPR,* supra.

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

    A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

    C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1987). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al v. ACBI et al.,* supra. Su más adecuado ejercicio está inexorablemente atado al concepto de la razonabilidad, de modo que el discernimiento judicial

empleado redunde en una conclusión justiciera. *Citibank et al v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *García v. Asociación*, 165 DPR 311, 321 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.*, supra, pág. 736.

**III**

Mediante su comparecencia, la parte peticionaria propone que intervengamos en un asunto relacionado al manejo del caso, materia que, como norma, queda excluida del ejercicio de nuestras facultades en esta etapa de los procedimientos. Al examinar el dictamen en controversia, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra*, se desprende que el mismo no está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso de *certiorari.*

Tal cual esbozado, el alcance de nuestra autoridad en recursos como el de autos, está expresamente delimitado por el ordenamiento civil vigente. Además, la parte peticionaria no demostró que, de no actuar respecto a su solicitud en alzada, habría de producirse un fracaso a la justicia. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que, en su más sano quehacer, este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones